UNITED STATES DISTRICT COURT            JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02252 MMM (CWx) | Date | May 31, 2012 |
|---|---|---|---|

| Title | *Bank of America v. Chishty* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I.  FACTUAL BACKGROUND

Plaintiff Bank of America, N.A., filed this unlawful detainer action in Los Angeles Superior Court against defendant Nusrat M. Chishty, and certain fictitious defendants on August 30, 2011.[1] Defendant is allegedly the former owner of real property located at 9304 Lubec Street, Downey, California 90240 ("the property").[2]  On May 6, 2005, defendant states that he became the owner of the property by virtue of a promissory note.[3]  On June 7, 2007 defendant executed a short form deed of trust.[4]  Defendant allegedly defaulted on the note.  Pursuant to a power of sale clause in the deed of trust, the trustee proceeded with a non-judicial foreclosure, and the property was sold at a trustee's

---

[1]Notice of Removal from Los Angeles County Superior Court of California ("Removal"), Docket No. 1 (Mar. 16, 2012), Exh. A ("Complaint").

[2]Complaint, ¶¶ 1, 5.

[3]Removal, ¶ 4.

[4]*Id.*

1

sale.[5]  A trustee's deed upon sale was subsequently recorded in Los Angeles County.[6]

On May 10, 2011, plaintiff allegedly served a notice to quit on defendant, which required defendant to vacate the property within ninety days.[7]  Plaintiff complains that, although more than ninety days have elapsed, defendant remains in possession of the property without plaintiff's permission or consent.[8]  Plaintiff seeks possession of the property as well as damages in the amount of $132.08 per day (the allegedly reasonable daily rental value) for each day from August 10, 2011, until defendant relinquishes the property.[9]  It also seeks costs of suit.[10]  Defendant filed a notice of removal on March 16, 2012, invoking the court's diversity jurisdiction.[11]

## II. DISCUSSION

### A.    Legal Standard Governing Subject Matter Jurisdiction

"A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits." *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006); see also *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*).

When a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The

---

[5]*Id.*, ¶¶ 5-6.

[6]*Id.*, ¶ 7.

[7]*Id.*, ¶ 8.

[8]*Id.*, ¶¶ 10, 12.

[9]*Id.*, ¶ 13.

[10]*Id.*

[11]Removal, ¶ 12.  The court observes that defendant's notice of removal was filed more than six months after the filing of the complaint, raising the question of whether this case may be remanded for failure to comply with 28 U.S.C. § 1446(b).  Further, the notice of removal does not include exhibits referenced in plaintiff's complaint, contravening 28 U.S.C. § 1446(a)).

court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

## B.      Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  28 U.S.C. § 1441(b) states that "[a]ny . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[12]

Even if there were complete diversity of citizenship, moreover, defendant has not met his burden of demonstrating that the amount in controversy exceeds $75,000.   "[W]hen a state-court

---

[12] "[A]n action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located."  *Apelian v. United States Shoe Corp.*, 664 F. Supp. 1370, 1371 (C.D. Cal. 1987); see also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' 28 U.S.C. § 1441(b)").

Defendant asserts that complete diversity exists because he is domiciled in California, and plaintiff is a Delaware corporation with its principal place of business in North Carolina.  Assuming that defendant is asserting that he is a citizen of California, this admission may prevent removal of this case.  If defendant is a California citizen, 28 U.S.C. § 1441(b) indicates he cannot invoke the court's diversity jurisdiction in this action.  The Ninth Circuit, however, concluded that the forum defendant rule is a procedural requirement, rather than a jurisdictional one, meaning that a district court may not *sua sponte* remand on this basis.  See *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) ("We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c).").

complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from the information in the record that the amount in controversy does not meet the jurisdictional threshold. Plaintiff seeks damages of $132.08 per day from August 10, 2011 to the date it regains possession of the property.[13] Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[14] See Cal. Code Civ. Proc. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Given its allegations that the amount in controversy does not exceed $75,000, defendant must establish to a legal certainty that the amount in controversy exceeds that amount to demonstrate that the court has diversity jurisdiction to hear the action.

Defendant contends that the amount in controversy should be determined by looking to the amount of debt unpaid at the "time of the trustee's deed," which he asserts is $130,000.[15] In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat'l Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Consequently, defendant has not met his burden of proving to a legal certainty that the amount in controversy requirement is satisfied. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, there is no basis for exercising diversity jurisdiction over this action.

---

[13]Complaint, ¶ 13.

[14]*Id.* at 1.

[15]Removal, ¶ 12.

4

### C.      Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint."  *Franchise Tax Bd.*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392.  Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States.  *Franchise Tax Bd.*, 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the

plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (Ssx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Here, defendant asserts that this court has federal question jurisdiction over the instant case, but makes no reference to a specific federal law on which he believes jurisdiction should be founded.[16] However, as discussed above, the court determines whether jurisdiction is proper by examining plaintiff's complaint. As plaintiff's suit against defendant alleges only an unlawful detainer cause of action, a purely state claim, there is no federal question.[17] Because plaintiff's complaint does not present a federal question, the court does not have jurisdiction under 28 U.S.C. § 1331.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Defendant has failed to carry that burden here. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.

---

[16]Removal, ¶ 13.

[17]Complaint at 1.